UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Levon Mintz, | ) | C/A No 1:11-1270-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden Wayne C. McCabe, Warden of | ) | |
| Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Levon Mintz, is an inmate with the South Carolina Department of Corrections. He brings this action through counsel pursuant to 28 U.S.C. § 2254 challenging his 2003 state court conviction for murder. He asserts that the trial court erred in charging the jury, that the prosecutor's comments in closing arguments at trial violated his constitutional rights, and that his state trial counsel was ineffective.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation ("the Report") and opines that the respondent's motion for summary judgment should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without an evidentiary hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on August 1, 2012. The petitioner filed timely objections to the Report. This court heard argument on the pending motions in this case on September 12, 2012. Thus, this matter is ripe for review.

*Factual and Procedural History*

The Report recites the factual and procedural background giving rise to this action. Briefly, the petitioner was found guilty by a jury of murder and sentenced on April 20, 2005 to 50 years imprisonment. The petitioner did not file a direct appeal of his conviction.

Petitioner then filed an application for post-conviction relief (PCR) raising claims of ineffective assistance along with due process and constitutional violations. On September 3, 2008, the PCR court granted petitioner's request to file a belated direct appeal, while denying petitioner's other grounds for relief. Petitioner thereafter filed a SCRCP Rule 59(e) motion to alter or amend and that motion was dismissed on October 6, 2008.

Petitioner timely appealed and filed a petition for writ of certiorari on July 1, 2009. He raised three issues concerning (1) the correctness of the PCR judge in finding that petitioner was entitled to file a belated direct appeal; (2) whether the PCR judge erred in refusing to find counsel ineffective for stipulating to portions of the pathologist's report concerning the cause of death, but failing to include the stipulation that the decedent was under the influence of cocaine and alcohol; and (3) whether the trial judge erred in refusing to charge the jury on the lesser included offense of voluntary manslaughter. On October 25, 2010, the South Carolina Supreme Court dismissed the PCR appeal and the belated direct appeal. The remittitur was issued on November 10, 2010.

On November 8, 2010, the petitioner filed another state habeas action in the South Carolina Supreme Court, which was dismissed on December 1, 2010. On November 24, 2010, petitioner filed a second PCR application in state circuit court. The present petition in federal court was filed on May 26, 2011.

*Motion to Stay Petition and Hold in Abeyance*

The Magistrate Judge recommends that the petitioner's motion to stay his present federal petition pending exhaustion of his second PCR application in state court should be denied as moot because the second PCR was dismissed in an order filed on August 3, 2012.

In his objections to the Report, the petitioner submits that the court should stay this action to permit him to continue to pursue an appeal of the denial of his second PCR prior to finally concluding this action. Petitioner argues that the state courts have found that petitioner has raised a federally cognizable claim of ineffective assistance of belated direct appeal counsel. In her order of August 3, 2012, the Honorable DeAndrea G. Benjamin found that the petitioner had a constitutional right to belated direct appeal counsel and that the petitioner's claim was not successive or barred by the statute of limitations. Judge Benjamin did find that the claims were not meritorious. Therefore, the petitioner intends to appeal that decision to the South Carolina Supreme Court. However, at a hearing on petitioner's motion to stay and hold in abeyance the instant petition, petitioner admitted to the court that he had not yet filed the appeal though Judge Benjamin's order was issued more than a month prior to the hearing before this court.

This petition is technically not a mixed petition under *Rhines v. Weber*, 544 U.S. 269 (2005), because it does not explicitly include the unexhausted claims (which were just before

3

the state PCR court and which the petitioner intends to appeal), but the petitioner contends that if this court grants his motion to stay and amend the petition, then those unexhausted claims can be amended into the federal § 2254 petition. This would make the instant petition a mixed petition amenable to the *Rhines* stay and abeyance procedure.

For the reasons stated by this court at the September 12th hearing on this issue, the court adopts the Magistrate Judge's recommendation and denies the motion to stay and hold in abeyance the instant petition.

*28 U.S.C. § 2254 Standard of Review*

In a § 2254 action, the standard of review to be applied is quite deferential to the rulings of the state courts. Pursuant to the standards set forth in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) & (2); *Burch v. Corcoran*, 273 F.3d 577, 583 (4th Cir. 2001).

The Supreme Court has explained that a State court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An unreasonable application is different from

an incorrect application of federal law, the former being the requisite showing. Therefore, this court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. *Id.* Demonstrating that a state court's decision is unreasonable requires overcoming "a substantially higher threshold" than simply demonstrating error. *Schriro v. Landigran*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). "When assessing the reasonableness of the state court's application of federal law, the federal courts are to review the result that the state court reached, not whether [its decision] [was] well reasoned." *Larry v. Branker*, 552 F.3d 356, 365 (4th Cir. 2009) (citing *Wilson v. Ozmint*, 352 F.3d 847, 855 (4th Cir. 2003)).

*Trial Court's Failure to Charge the Offense of Voluntary Manslaughter*

The Magistrate Judge opines that petitioner's Ground 1 is procedurally barred because it was not raised in his direct appeal or first PCR appeal. At the September 12th hearing, petitioner admitted that this issue is one of state law and withdrew it. As such, the court need not address Ground 1.

*Prosecutor's Comments During Closing Argument*

As petitioner has withdrawn his reliance on the Eighth Amendment for this argument, the Magistrate Judge limited her scope of review to the petitioner's argument that his Fifth and Fourteenth Amendment rights were violated by the solicitor's comments during closing arguments that petitioner could have introduced evidence, but chose not to do so. Petitioner contends that the solicitor's closing remarks unconstitutionally commented on petitioner's right to remain silent and not present a defense.

5

As noted in the Report and Recommendation, the South Carolina Supreme Court granted certiorari on this issue but ultimately denied petitioner relief. The respondent argues that the state court's determination was not unreasonable. The Magistrate Judge agrees with the respondent that the solicitor's reference to the tape of Witness Brooks during the trial was a reference of testimony already in the record. Further, the Magistrate Judge agrees that even if the solicitor's arguments could be construed as a comment upon petitioner's right, the comment was not used as substantive evidence of petitioner's guilt, rather, it was in response to defense counsel's allegations that the state failed to disclose Brooks' statement to the defense prior to trial. Ultimately, the Magistrate Judge finds that the South Carolina Supreme Court did not unreasonably apply federal law or make an unreasonable determination of the facts when it addressed this claim.

The petitioner objects to the Magistrate Judge's comment that petitioner has taken a "strained position" and argues that the Report fails to take into account the fact that Witness Brooks testified extensively that she actually wrote a statement, gave the handwritten statement to Detective Rivers, and kept a copy for herself. Petitioner contends that defense counsel was not confused about the source of the statement when he raised his objection to the solicitor's closing argument. Rather, petitioner contends the solicitor was confused about the source of the dispute, and that does not permit the solicitor to argue that petitioner was hiding evidence of the recorded interview from the jury when the petitioner and his attorney never did so. Again, petitioner asserts that the solicitor's argument violated petitioner's constitutional rights under the Fifth and Fourteenth Amendment and the Report's findings are predicated on a gross misinterpretation of the facts which requires a *de novo* review by

6

this court.

This court agrees with the Magistrate Judge and adopts her recommendation to dismiss the claim in Ground 2. The court further agrees with the Magistrate Judge's finding that the South Carolina Supreme Court did not unreasonably apply federal law or make an unreasonable determination of the facts when it addressed this claim. The solicitor's closing remarks were made to address defense counsel's insinuation during the cross examination of Witness Rivers that some of the evidence had never been turned over to the defense. There was evidence in the record that defense counsel did have a statement by Brooks. The closing remarks were not a comment on petitioner's guilt, or his right to remain silent, and the court disagrees with petitioner's assertion that the solicitor's closing remarks violated petitioner's constitutional rights under the Fifth and Fourteenth Amendments.

*Ineffective Assistance of Counsel*

In Ground 3, petitioner contends that counsel was ineffective for failing to require that the victim's toxicology report be included in the stipulation to the jury stating that the victim died as a result of the gunshot wounds. Petitioner argues that if counsel had included the toxicology report, which would have shown the victim was under the influence of cocaine and alcohol at the time of his death, then that would have supported petitioner's request for a jury charge on voluntary manslaughter.

The PCR court agreed with defense counsel's testimony that the evidence would not have warranted a voluntary manslaughter charge because the issue of the victim's cocaine and alcohol use was not relevant to the facts of the case. The Magistrate Judge opines that the state courts did not unreasonably apply federal law under *Strickland v. Washington*, 466

7

U.S. 668, 694 (1984), and further opines that the courts did not make an unreasonable determination of the facts in addressing this claim.

The petitioner objects to the Magistrate Judge's conclusion that counsel was not ineffective for failing to present evidence of the decedent's alcohol and cocaine use the night of the incident. Petitioner argues that the "sudden heat of passion" (which requires demonstration) would have been provided by the prior arguments between the petitioner and the decedent, independent of the toxicology evidence. Further, petitioner submits that the jury could have found that the decedent acted in an overt and threatening manner toward the petitioner if the decedent had cocaine and alcohol in his system.

Respondent contends that this claim should be denied as premised upon the interpretation of state law, namely whether petitioner was entitled to an instruction on voluntary manslaughter in light of the additional evidence contained within the toxicology report.

The court finds the Magistrate Judge's conclusion correct and dismisses Ground 3. As previously stated, the standard in § 2254 actions is quite deferential to state courts, and petitioner has failed to overcome that standard with respect to his ineffective assistance of counsel claim. Petitioner has failed to show the state court unreasonably applied federal law when it found that counsel's performance was not ineffective for failing to include the toxicology report within the stipulation. A voluntary manslaughter charge requires demonstration of either sudden heat of passion or sufficient legal provocation. The evidence from the toxicology report showing alcohol and cocaine in the victim's system is not enough to demonstrate sudden heat of passion or sufficient legal provocation in light of other facts,

such as the fact that petitioner shot the victim when he was unarmed and being helped to his car.

CONCLUSION

The court has carefully reviewed all of the objections made by the petitioner and has conducted the required *de novo* review. This court determines that the Magistrate Judge's recommended disposition is correct. Accordingly, the objections are all overruled and the Report and Recommendation is incorporated herein by reference. The respondent's motion for summary judgment (ECF No. 18) is granted and the habeas petition is denied.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

September 18, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).